IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | BANKRUPTCY PROCEEDING |
| BAILEY CABLE TV, INC. | CASE NUMBER:  23-02929 KMS |
| MISSISSIPPI POWER COMPANY | |
| VS. | |
| BAILEY CABLE TV, INC. AND STEPHEN SMITH, CHAPTER 7 TRUSTEE | |

### MOTION TO TERMINATE POLE ATTACHMENT AGREEMENT AND ELECTRICAL UTILITY SERVICE AND TO ALLOW REMOVAL OF EQUIPMENT ATTACHED TO MISSISSIPPI POWER COMPANY UTILITY POLES

COMES NOW Mississippi Power Company ("MPC"), by and through its attorney, and files this its Motion to Terminate Pole Attachment Agreement and to Allow Removal of Equipment Attached to MPC Poles and to Terminate Electrical Utility Service to Bailey Cable TV, Inc. (the "Debtor"), and in support thereof would show unto the Court the following:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, 11 U.S.C. § 365, 11 U.S.C. § 366, and related code sections and rules.  This matter is a core proceeding.

2.

On December 19, 2023 (the "Petition Date"), Bailey Cable TV, Inc. ("Debtor") filed its petition under Chapter 7 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi.  Stephen Smith has since been appointed the Chapter 7 Trustee ("Trustee").

3.

MPC is a public utility generating, transmitting and distributing electricity in South Mississippi. Its certificated area lies within 23 counties in southeast and coastal Mississippi. Among the counties wherein MPC provides electric service are Forrest, Newton, Scott and Smith counties. It also provides electric service in the town of Bassfield in Jefferson Davis County. In order to provide utility service, MPC maintains a system of utility poles to support the power lines which are used for the transmission and distribution of electric service to its customers.

4.

Debtor, in order to provide the cable television services which it sold utilized a system of fiber optic cables, wires and appliances to deliver the cable television signals to its customers. The area wherein Debtor operated and provided cable television services, and wherein it maintained facilities to support its operations, included Forrest, Newton, Scott and Smith Counties.

5.

Pursuant to Section 703 of the Telecommunications Act of 1996 (the "1996 Act"), MPC was required to provide mandatory access to its facilities, such as its utility poles, to telecommunication carrier and cable television systems. In order to comply with the 1996 Act, MPC and Debtor entered into a Pole Attachment License Agreement (the "Agreement") effective October 24, 2012 and continued until terminated by one of the parties. The Agreement set forth the terms and conditions by which Debtor would be allowed access to the utility poles and other facilities of MPC upon which to install Debtor's equipment. For this access, Debtor agreed to pay certain financial consideration. The consideration was expressed in terms of a fee per attachment

which was adjusted periodically, usually annually.  A copy of the Agreement is attached hereto and marked as Exhibit "A".

6.

On the Petition Date, Debtor was in default of its financial obligations as set forth in Article 12(e) Agreement owing MPC $ 44,254.84, which amount is unpaid, and for which MPC has filed Proofs of Claims.[1] Copies of the bills for the amounts due under the Agreement are attached hereto as Exhibit "B".  As a result, the Court should enter an order terminating the Agreement, and authorizing MPC to remove from the MPC utility poles all attachments and other equipment belonging to Debtor and dispose of the same.

7.

In addition to the Agreement, MPC also furnished electric utility service to certain facilities of Debtor.  Copies of the statements account or bills for electric service to Debtor's facilities which are in default are attached hereto as Exhibit "C".   Debtor has not only failed to pay the aforesaid bills, but has continued to receive service since Petition Date without posting adequate security, as is required under 11 USC § 365.  As a result, MPC is authorized to terminate or disconnect electric service to all the facilities covered by the accounts set forth in Exhibit "C".

WHEREFORE, Mississippi Power Company requests the Court to sustain its Motion, and to enter an order terminating the Pole Attachment License Agreement, allowing removal of the equipment of Debtor attached to MPC utility poles and disposal of the same, and allowing MPC to terminate or disconnect electric service to all locations of Debtor within MPC's service territory.

---

[1] The total amount due on Exhibit "B" reflects both the prepetition and post-petition amounts due.  Separate proofs of claim have been filed.  This motion is not seeking compensatory damage.  The amounts due are alleged in order to establish that Debtor is in default for both prepetition and post-petition obligation the Pole Attachment Licensing Agreement.

3

Respectfully submitted, this the 28th day of March, 2024.

        MISSISSIPPI POWER COMPANY

        BY:  BALCH & BINGHAM LLP


        BY:  /s/ *Paul J. Delcambre, Jr.*
              PAUL J. DELCAMBRE, JR.
              ATTORNEY FOR MISSISSIPPI POWER COMPANY

Paul J. Delcambre, Jr. (MSB No. 6034)
Matthew W. McDade (MSB No. 103207)
BALCH & BINGHAM LLP
1310 25th Avenue (39501)
Post Office Box 130
Gulfport, Mississippi 39502

Telephone: 228-864-9900
E-mail:  pdelcambre@balch.com
          mmcdade@balch.com

## CERTIFICATE OF SERVICE

I, Paul J. Delcambre, Jr., do hereby certify that I have this date served, via U. S. Mail, postage prepaid, or via the ECF Notification Service, a true and correct copy of the above and foregoing Motion to Terminate Pole Attachment Agreement and Electrical Utility Service and to Allow Removal of Equipment Attached to Mississippi Power Company Poles to the following:

Stephen Smith, Esq.
Chapter 7 Trustee
trustee@hrkcpa.com

Eileen N. Shaffer
eshaffer@eshaffer-law.com

Office of United States Trustee
USTPRegion05.JA.3cf@usdoj.gov

This, the 28th day of March, 2024.

   /s/ *Paul J. Delcambre, Jr.*
PAUL J. DELCAMBRE, JR.